UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| STEVEN WHITLOCK<br>    LA. DOC #451374 | CIVIL ACTION NO. 3:14-cv-0570 |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WARDEN, RIVERBEND<br>DETENTION CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Steven Whitlock, a prisoner in the custody of Louisiana's Department of

Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on

March 17, 2014. Petitioner attacks the revocation of his probation on February 24, 2010, in the

Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned

for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and

the standing orders of the Court. For the following reasons it is recommended that the petition be

**DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was apparently convicted of some unspecified felony on some unspecified date

prior to February 24, 2010.  His sentence, or a portion thereof, was apparently suspended and the

terms and conditions of probation were explained to him by his probation officer on April 5,

2006. On February 24, 2010, a probation revocation hearing was convened in an effort to

establish that petitioner violated the terms of his probation by committing a second degree battery

on June 24, 2009, and for failing to report to his probation officer.

A bill of particulars outlining the facts in support of revocation were served on petitioner

on February 19, 2010; however, petitioner refused to acknowledge receipt because of his inability to read and write. Nevertheless, petitioner was advised of his rights and the bill of particulars was read aloud to him; petitioner denied the charges and requested a hearing.

With regard to the charge that petitioner was in violation of the terms of his probation by virtue of his failure to report to his probation officer, petitioner testified that he had been assaulted while walking in the vicinity of the probation office and therefore he refused to return to the area.  According to petitioner his probation officer was aware of his whereabouts.

Petitioner's request for appointed counsel at the revocation hearing was denied. Petitioner was advised that he was accused of committing a second degree battery and that this criminal violation formed the basis for probation revocation.  At the hearing Det. Booth testified that he spoke to Latriece Smith on January 29, 2009, and at that time she advised that petitioner had choked her. Photographs of the victim were introduced into evidence.  One of the officers testified that Ms. Smith suffered petechia[1] following the assault. Petitioner interposed numerous objections concerning the admission of hearsay evidence at the revocation hearing. At the conclusion of the hearing, the Judge ruled that the evidence was sufficient to establish a violation of the terms of probation and petitioner's probation was revoked and he was ordered to serve the previously suspended sentence. The Second Degree Battery charge, which had been assigned Docket Number 09-F-1977 was dismissed.

---

[1] Petechia refers to a minute reddish or purplish spot containing blood that appears in skin or mucous membrane as a result of localized hemorrhage. Merriam-Webster medical dictionary, on-line, http://www.merriam-webster.com/medical/petechia

Petitioner sought review in the Second Circuit Court of Appeals.[2]  His writ application was assigned Docket Number KH 10-45935 and on October 7, 2010, the Court of Appeals denied writs finding, "On the limited record provided, and without a transcript of the revocation hearing, we cannot conclude that the trial court erred in its ruling. Accordingly, the writ is denied." Petitioner apparently sought review in the Supreme Court and on March 9, 2012, his writ application was denied without comment. *State of Louisiana ex rel. Steven A. Whitlock v. State of Louisiana*, 2010-2456 (La. 3/9/2012), 83 So.3d 1052.

Petitioner also sought post-conviction or *habeas corpus* review of his original conviction; however, relief was denied on May 9, 2011.

Petitioner signed his petition on March 14, 2014. He raises three claims for relief: (1) the failure to appoint counsel at the revocation hearing and then summarily denying writs amounted to an unreasonable application of due process and equal protection; (2) the revocation hearing was conducted contrary to the standards announced in *Morrissey* and *Scillia* [3]and the denial of writs by the Court of Appeals and Supreme Court was unreasonable; (3) the failure to provide transcripts led to a procedural default as did the failure to provide counsel and legal materials.

---

[2] Under Louisiana law, an order revoking probation is not an appealable judgment; instead, discretionary review is available by way of an application for supervisory writs filed in the appropriate court of appeals. See La. C.Cr.P. art. 912.1;  *State v. Johnson*, 938 So.2d 804, 2006-942 (La.App. 3 Cir. 9/13/06).

[3] In *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that the constitutional right to procedural due process attaches to parole revocation hearings, but recognized that "the concept of due process is flexible," but that its flexibility "is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure." The reference to "Scillia" is unclear. Petitioner may be referencing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) which extended the holding of *Morrissey* to probation revocation proceedings.

*Law and Analysis*

**1. Limitations – 28 U.S.C. §2244(d)(1)(A) and (D)**

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254 since he is a "... person in custody pursuant to the judgment of a State court..." Title 28 U.S.C. §2244(d)(1) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
>
> 28 U.S.C. §2244(d)(1)(A), (B), (C), and (D).

With regard to the timeliness determination of this petition, it is clear that Subsections B and C are inapplicable. Petitioner has not alleged the existence of a State created impediment to filing, nor does he rely upon a newly recognized right made retroactively applicable by the Supreme Court to cases on collateral review.  Therefore, timeliness herein must be determined as provided in either Subsection A or Subsection D.

As noted above, the one year period of limitations may be reckoned from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."  Petitioner's probation was revoked on February 24, 2010. Petitioner was not entitled to appeal the revocation of his probation.  He did, however, apply for a writ of review in the Second Circuit Court of Appeals. His writ application, assigned Docket Number KH 10-45935, was denied on October 7, 2010.  Thereafter he sought review in the Supreme Court and on March 9, 2012, his writ application was denied without comment. *State of Louisiana ex rel. Steven A. Whitlock v. State of Louisiana*, 2010-2456 (La. 3/9/2012), 83 So.3d 1052. Petitioner's probation revocation judgment became final for AEDPA purposes, at the latest, 90 days after March 9, or on or about June 9, 2012, when the period for filing an application for *certiorari* in the United States Supreme Court as provided by Supreme Court Rule 13(1) expired.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) ( the period for filing for *certiorari* with the United States Supreme Court is considered when determining finality under 28 U.S.C. § 2244(d)(1)(A)). Petitioner therefore had one year from June 9, 2012, or until June 9, 2013, within which to file a timely petition for *habeas corpus* in this Court.

Reckoning the AEDPA limitations as provided in Subsection D would produce the same result.  Subsection D calculates the one year period of limitations from "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence..." Petitioner was aware of his claims on the date of the revocation hearing at the earliest, and, on the date that the Louisiana Supreme Court denied writs at the latest. Giving petitioner the benefit of the doubt, it is clear that more than 1 year elapsed un-tolled between either date and the date he filed his federal petition.

### *2. Statutory or Equitable Tolling*

Section 2244(d)(2) permits tolling of the limitations period during the pendency of a properly filed application for post-conviction relief or collateral attack of the judgment in question. However, it does not appear that petitioner collaterally attacked his probation revocation, and his collateral attack of the original judgment of conviction was dismissed on May 9, 2011, a point in time well in advance of either the date of finality of judgment or the date of discovery. In other words, statutory tolling is not available.

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

It does not appear that petitioner is entitled to the benefits of equitable tolling. He has not alleged the existence of exceptional circumstances and further, it does not appear that he exercised diligence.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

 In chambers, Monroe, Louisiana, April 17, 2014.

<br>

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**